# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-105V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
TRACY GAMBRILL and KEVIN              *
GAMBRILL, parents and natural         *
guardians of R.G., a minor,           *      Special Master Corcoran
                                      *
                                      *      Filed: June 4, 2018
              Petitioners,            *
       v.                             *      Petitioner's Motion for a Decision;
                                      *      Dismissal of Petition; Vaccine
SECRETARY OF HEALTH                   *      Act; Denial Without Hearing.
AND HUMAN SERVICES,                   *
                                      *
              Respondent.             *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Robert Joel Krakow*, Law Offices of Robert J. Krakow, P.C., New York, NY, for Petitioner.

*Jay Mason All*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On January 23, 2017, Tracy and Kevin Gambrill filed a petition on behalf of their minor child, R.G., seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleged that the measles-mumps-rubella ("MMR") and varicella vaccines R.G. received on January 24, 2014, and the diphtheria-tetanus-acellular pertussis ("DTaP") vaccine she

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

received on January 30, 2015, caused her to suffer from gastrointestinal inflammation and other injuries resulting in failure to thrive and "other severe health consequences." *See* Petition ("Pet.") (ECF No. 1) at 1.

After filing medical records from February to July 2017, the parties filed the Joint Statement of Completion on July 31, 2017 (ECF No. 29). Respondent thereafter filed a Rule 4(c) Report on September 27, 2017, contesting Petitioners' right to damages (ECF No. 34).

I held a status conference with the parties on October 10, 2017, at which time I discussed the overall viability of Petitioners' claim, and proposed a deadline of January 15, 2018, to file an expert report in this matter. *See* Non-PDF Order, dated Oct. 10, 2017. Thereafter, Petitioners requested one extension of time to the file the expert report, followed by an additional extension request to determine how they wished to proceed with the case. *See* ECF Nos. 36, 38. Following a second status conference, held on April 24, 2018, I issued an Order directing Petitioners to show cause on or before May 31, 2018, as to why their claim should not dismissed. *See* ECF No. 41.

On May 31, 2018, Petitioners filed the present motion to dismiss (rather than the missing expert report), indicating that in their view they would be unable to prove entitlement to compensation in this case based on an investigation of the facts and science supporting their claim. *See* Motion to Dismiss, dated May 31, 2018 (ECF No. 42).

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that R.G. suffered a Table injury. Furthermore, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that R.G.'s alleged injury was caused by the MMR, varicella, or DTaP vaccines she received.

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioners to meet their burden of proof. Petitioners' claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master